# EXHIBIT 1.2

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
SITTING IN AND FOR JACKSON COUNTY AND THE STATE OF OKLAHOMA

| | |
|---|---|
| DAVID SCHENK ) | FILED<br>JACKSON COUNTY<br>2012 JUN 15 A 11: 37<br>RHONDA STEPANOVICH<br>COURT CLERK<br>BY_____<br>DEPUTY |
|        Plaintiff, ) | |
| vs. ) Case No. CJ-2012-__ | |
| ALLSTATE PROPERTY AND ) <br>CASUALTY INSURANCE ) <br>COMPANY ) | |
|        Defendant. ) | |

## PETITION

COMES now the Plaintiff David Schenk by and through their attorney Charles P. Horton local counsel for the firm Gauthier, Houghtaling & Williams, LLP and in support of his Petition against Farmers Insurance Group A/K/A Farmers Insurance Company, Inc. Defendant herein and alleges and states as follows, to-wit:

1. That the Plaintiff herein, David Schenk is and was a resident in good faith of Jackson County and the State of Oklahoma at all times pertinent to the cause of action herein set forth against the Defendant.

2. That the Defendant, Farmers Insurance Group A/K/A Farmers Insurance Company, Inc., is an insurance company engaged in the business of insurance in Oklahoma and that the causes of action hereinafter asserted arose from or are in connection with purposeful acts committed by this defendant and this Defendant may be cited by serving its agent for service of process Corporation Company, 1833 South Morgan Road, Oklahoma City, OK 73128.

3. This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

4. The court has jurisdiction over the defendant because Defendant engages in the business of insurance in Oklahoma and the cause of action arises out of its business activities in Oklahoma.

5. Venue is proper in Jackson County, Oklahoma, because:

  a. The property which was insured by Defendant, and which sustained damages as a result of the hail storm which occurred on June 16, 2011, is exclusively located in Jackson County, Oklahoma;

  b. The damage to the property of the Plaintiff for which it made a claim to Defendant for insurance proceeds was incurred in Jackson County, Oklahoma as a result of a hail storm that traveled through Jackson County, Oklahoma;

  c. Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted, if it was properly adjusted, by representatives of Defendant, who conducted claim handling activities in Jackson County, Oklahoma;

  d. This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Jackson County, Oklahoma.

6. Plaintiff is the owner of an insurance policy issued by Defendant, Policy No. 9 31 581979 06/15 for the policy period that included June 16, 2011. Plaintiff owns the insured property located at 1 Union Circle, Altus, Oklahoma, 73521.

7. Defendant sold the policy insuring the property for the specific types of damage and losses it sustained during the 2011 hail storm, which are more particularly described in the policy. Plaintiff paid all premiums when due and were issued the policy, which was in full force and effect at the time that the damages were sustained as a result of the hail storm.

8. On June 16, 2011, the Altus, Oklahoma area was hit by a historic hail storm pouring down one to two inch golf ball sized hail, accompanied by strong winds. As to be expected with a storm of this magnitude, residents of the affected areas incurred extensive property damages.

9. As a result of this hail storm, Plaintiff suffered losses covered under the policy. The property sustained severe damages to some or all of the following: roof, gutters, soffit, fascia, vents, flashing, exterior walls and doors, fence, air-conditioning unit and shed. Plaintiff continues to suffer damages which are covered under the policy.

10. Plaintiff timely reported this loss to Defendant. At all times Plaintiff cooperated with Defendant in adjusting this claim.

11. Despite having received the documentation of the losses caused by the hail storm, Defendant has failed and refused to pay the full amount of the claim that is due.

12. Defendant has failed to properly adjust this claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages.

13. Such conduct constitutes breach of the insurance contract between Plaintiff and Defendant.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT BY DEFENDANT

14. Paragraphs 1 through 13 are incorporated by reference.

15. The conduct of Defendant, as described above, constitutes a breach of the insurance contract between Defendant and Plaintiff.

16. Plaintiff notified Defendant of the loss. Despite the fact that Plaintiff has complied with all obligations and conditions precedent to Defendant's obligation to pay under the policy, Defendant failed and refused to pay the adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Oklahoma. Defendant refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendant's actions constitute material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages and consequential damages, along with reasonable and necessary attorney's fees.

17. As a result of Defendant's breach of the contract, Plaintiffs have sustained damages in the sum of $21,024.54.

## SECOND CAUSE OF ACTION

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS BY DEFENDANT

18.     Paragraphs 1 through 17 are incorporated by reference.

19.     Defendant, as an insurer subject to the laws of the State of Oklahoma, owed to plaintiff the duty to deal with it fairly and in good faith.

20.     Defendant refused to pay a substantial portion of the property damage claim without making a full and reasonable investigation, despite the fact that its liability was clear.

21.     No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim. The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts. Defendant's failure, described above, was to adequately and reasonably investigate and evaluate Plaintiff's claims, while Defendant knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

22.     The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage caused by the denial. Defendant is liable to Plaintiff for extra contractual damages for its separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court. As a result of Defendant's refusal to pay Plaintiffs' claim, Plaintiffs have had to and continues to pay attorney's fees and has experienced mental pain and suffering.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court enter an Order granting judgment against the Defendant Farmers Insurance Group A/K/A Farmers Insurance Company, Inc. for damages for breach of contract, in the sum $21,024.54 compensatory damages for attorney fees and mental pain and suffering in excess of Ten Thousand Dollars ($10,000.00) for violation of its duty as good faith and

fair dealing, punitive damages in excess of Ten Thousand Dollars ($10,000.00) interest, attorney fees and costs and for all other and further relief to which the Court is deemed just and equitable.

        Respectfully Submitted,

        Horton & Associates Attorneys at Law P.C.

        _____
        CHARLES P. HORTON, OBA # 4379
        216 West Commerce
        Altus, OK 73521
        (580) 482-3355