IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID SCHENK,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-12-751-M
                                       )
ALLSTATE PROPERTY AND                  )
CASUALTY INSURANCE COMPANY,            )
                                       )
            Defendant.                 )

### ORDER

Before the Court is plaintiff's Motion to Remand, filed August 16, 2012. On August 24, 2012, defendant filed its response. Plaintiff has not filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On June 15, 2012, in the District Court for Jackson County, State of Oklahoma, plaintiff filed his petition for breach of contract and breach of duty of good faith and fair dealing against defendant. Plaintiff requested damages for his breach of contract claim in the amount of $21,024.54, damages for his breach of duty of good faith and fair dealing claim "in excess of $10,000," attorney fees, and punitive damages "in excess of $10,000."

On July 3, 2012, defendant removed this matter to this Court. Plaintiff now moves to remand this matter to the District Court for Jackson County, State of Oklahoma.

II. Standard

Subsection (c) of 28 U.S.C. § 1447 provides, in pertinent part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In a removed case, "defendants bear the burden of establishing that the requirements

for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Removal statutes are construed narrowly; uncertainties are resolved in favor of remand. *Id.* at 1289-90; *see also Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

III.     Discussion

Plaintiff asserts that defendant has not satisfied its burden of establishing that this case exceeds the amount in controversy for jurisdiction. Defendant contends that plaintiff's request for punitive damages, in combination with his other recovery requests, exceeds the jurisdictional amount.

The Tenth Circuit has held that "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id.* at 1290 (internal citation omitted). When the plaintiff does not specify damages, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence. *Id.* Additionally, when both actual and punitive damages are recoverable under a complaint, a court must consider each in determining jurisdictional amount. *Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).

Here, the Court finds that defendant has established the jurisdictional amount by a preponderance of the evidence. Particularly, in a correspondence between the parties' counsel, plaintiff explicitly states that he seeks "no less than $21,024.54 in punitive damages, or the maximum amount recoverable under applicable law." Plaintiff's Letter, attached as Exhibit 1 to defendants' Response in Opposition to Plaintiff's Motion to Remand. In light of Okla. Stat. tit 23, § 9.1 providing plaintiff the possibility of recovering $100,000 in punitive damages, the Court finds

the jurisdictional amount is satisfied as plaintiff seeks recovery for his breach of contract damages in the amount of $21,024.54, his breach of duty of good faith and fair dealing damages "in excess of $10,000," and punitive damage in "the maximum amount recoverable."

IV. <u>Conclusion</u>

Accordingly, the Court DENIES plaintiff's Motion to Remand [docket no. 12].[1]

**IT IS SO ORDERED this 20th day of September, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In addition, plaintiff requests costs and attorneys fees in connection with plaintiff's motion. In light of the Court denying plaintiff's motion, the Court also denies plaintiff's request for costs and attorney fees.